UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Appellee, | : | |
| v. | : | No. 15-2264 |
| LOUIS MILTON WILLIS, | : | |
| Defendant-Appellant. | : | |

## **UNITED STATES' MOTION TO CORRECT OPINION**

The United States of America, by and through its undersigned counsel, respectfully moves this Court to correct a portion of its opinion that enumerates the essential elements of a violation of 18 U.S.C. § 666(a)(1)(B). Such a correction would not weigh on the issues decided in this case or affect the outcome of the matter.

Following a jury trial in the United States District Court for the District of the Virgin Islands, the appellant, Louis Milton Willis, was convicted of two counts of federal programs bribery, in violation of 18 U.S.C. § 666(a)(1)(B), and two counts of Hobbs Act extortion under color of official right, in violation of 18 U.S.C. § 1951(a). Willis appealed, claiming the district court erred by (i) denying his pretrial motion to dismiss the federal programs bribery counts of the indictment,

(ii) denying his renewed motion for judgment of acquittal, and (iii) improperly admitting evidence of his prior acceptance of bribes. On December 13, 2016, this Court issued a precedential opinion, affirming the district court's judgment. *United States v. Willis*, No. 15-2264 (3d Cir. Dec. 13, 2016). This Court noted that it "[found] all of Willis's arguments unavailing." Slip op. at 3.

On appeal, Willis had argued that the district court should have dismissed the federal programs bribery counts under 18 U.S.C. § 666(a)(1)(B) for failure to allege a quid pro quo. *Id.* at 9. In rejecting Willis's argument, the Court ruled that, "even if we were to require the United States to allege and prove a quid pro quo to establish a § 666 bribery offense – which we decline to do here – we conclude that it was adequately alleged in the indictment." *Id.* at 15. The Court further concluded that "the indictment adequately alleged all other required elements of the offense," including "the parties, the relevant amounts of money exchanged, where the illegal transactions allegedly occurred, that Willis used his public position unlawfully, the specific details of each transaction, and the improper purposes alleged under the relevant federal statutes." *Id.* at 15-16.

In enumerating the essential elements of federal programs bribery under 18 U.S.C. § 666(a)(1)(B), however, the Court added a *mens rea* element that is not required by the language of the statute, circuit precedent, or the circuit pattern jury

instructions. The Court listed the essential elements of a violation of § 666(a)(1)(B) as:

> (1) Willis was an agent of a state government or agency;
> (2) he corruptly solicited, demanded, or accepted something of value with the intent to be influenced or rewarded in connection with any business of the state government or agency;
> (3) he accepted something of value in connection with the business or transactions of the state government or agency, where the transactions involved anything of value of $5,000 or more;
> (4) the state received in excess of $10,000 in federal funds in any single year; and
> (5) he acted willfully and knowingly.

Slip op. at 10-11. The final element articulated by the Court in its opinion is not found in the statute itself, which includes only the word "corruptly" in defining the requisite mental state for a violation of § 666(a)(1)(B). "[T]he definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute." *United States v. Starnes*, 583 F.3d 196, 209 (3d Cir. 2009) (quoting *Dixon v. United* States, 548 U.S. 1, 7 (2006)). Since § 666(a)(1)(B) does not include a requirement that a defendant act "willfully and knowingly," the government is not required to prove such *mens rea* to support a conviction under the statute. *Contra* 18 U.S.C. § 1001(a) (including "knowingly and willfully" in express language of criminal statute); 26 U.S.C. §

7206(1) (same); 31 U.S.C. § 5322(a)-(b) (including express "willfulness" language).[1]

This Court has not previously read these additional *mens rea* elements into § 666(a)(1)(B). For example, in *United States v. Cicco*, 938 F.2d 441, 444 (3d Cir. 1991), this Court identified the elements of § 666(a)(1)(B) and did not include a requirement that the defendant "acted willfully and knowingly." In *Cicco*, the Court stated:

> "[T]he following elements comprise a violation of § 666(a)(1)(B): 1) corrupt solicitation; 2) of anything of value; 3) with the intention of being influenced in connection with any transaction of a local government or organization receiving at least $10,000 in federal funds annually; 4) where the transaction involves anything of value of $5,000 or more."

*Ibid.* Nor do the Third Circuit pattern jury instructions, which cite to *Cicco*, require that the defendant "acted willfully and knowingly." Third Circuit Model Criminal Jury Instruction § 6.18.666A1B. The pattern instruction provides:

> First: That at the time alleged in the indictment, *(name)* was an agent of *(specify organization, government, or agency)*;
> Second: That *(specify organization, government, or agency)* received federal benefits in excess of $10,000 in a one-year period;
> Third: That *(name)* [(accepted) (agreed to accept) (solicited) (demanded)] something of value from *(specify person)*;
> Fourth: That *(name)* acted corruptly with the intent to be influenced *(or rewarded)* in connection with *(the business) (a transaction) (series of transactions)* of *(specify organization, government, or agency)*; and

---

[1] "Willfully" is a "notoriously slippery term," and when "used in a criminal statute . . . in conjunction with 'knowingly,'" the word imposes additional proof requirements on the government. *United States v. Starnes*, 583 F.3d 196, 210 (3d Cir. 2009).

>Fifth: That the value of the *(business) (transaction) (series of transactions)* to which the payment related was at least $5,000.

Furthermore, as this Court has recognized in numerous unpublished decisions, § 666(a)(1)(B) requires only that the defendant act "corruptly . . . intending to be influenced or rewarded[.]" *See United States v. Elwell*, 515 F. App'x 155, 162 (3d Cir. 2013) (Section 666(a)(1)(B) makes it a crime to corruptly "accept [ ] . . . anything of value from any person, intending to be influenced" regarding government business); *United States v. Plaskett*, 355 F. App'x 639, 643 (3d Cir. 2009) (approving a jury charge that explained "it is the defendant's intent . . . to be influenced or rewarded, which is important . . . ."); *Nyakatura v. Attorney Gen.*, 256 F. App'x 461, 466 (3d Cir. 2007) (*mens rea* requirement in section 666(a)(1)(B) provides "that a person is guilty of bribery if he accepts anything of value 'intending to be influenced or rewarded . . . .'"); *see also United States v. Andrews*, 681 F.3d 509, 529-30 (3d Cir. 2012) (stating that a person is guilty of giving a bribe under § 666(a)(2) if he "corruptly" acts with "intent to influence" an official act).

In articulating the elements of § 666(a)(1)(B), the Court cited to *Cicco*, but, as discussed *supra*, *Cicco* did not include a "knowing and willful" *mens rea* element for a violation of § 666(a)(1)(B). *Cicco*, 938 F.2d at 444. The Court also cited to *United States v. Foley*, 851 F. Supp. 507, 509 n.1 (D. Conn. 1994), an out-of-circuit, district court opinion that did incorporate a "willfulness" element into § 666(a)(1)(B). *Foley*, however, did not provide any explanation or citation to other

cases to justify the inclusion of this language, and is an incorrect statement of law. *See United States v. Ford*, 435 F.3d 204, 211-14 (2d Cir. 2006) (discussing intent elements of § 666(a)). Indeed, the district court below is the only court that has cited *Foley* for that proposition in the 22 years since *Foley* was decided. *See United States v. Willis*, No. 14-28, 2015 WL 3747112, at *3 (D.V.I. June 15, 2015).

Wherefore, the United States respectfully requests that the Court correct its precedential opinion to reflect the elements of a violation of 18 U.S.C. § 666(a)(1)(B) as enumerated in *Cicco* and Third Circuit Model Criminal Jury Instruction § 6.18.666A1B.

                                                                     Respectfully submitted,

                                                                     s/ Justin D. Weitz
                                                                     JUSTIN D. WEITZ
                                                                     Criminal Division, Public
                                                                     Integrity Section
                                                                     U.S. Department of Justice
                                                                     1400 New York Avenue, NW
                                                                     Washington, DC 20530
                                                                     (202) 514-1412

                                                                     GWENDOLYN A. STAMPER
                                                                   Criminal Division, Appellate
                                                                     Section
                                                                     U.S. Department of Justice
                                                                     950 Pennsylvania Avenue, NW
                                                                     Washington, DC 20530
                                                                     (202) 598-2335

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2016, I electronically filed the foregoing document with the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I certify that Joseph A. DiRuzzo, III and Jeffrey J. Molinaro, counsel of record for defendant-appellant, will be served by the CM/ECF system.

                                                           s/ Justin D. Weitz
                                                         JUSTIN D. WEITZ
                                                         Criminal Division, Public
                                                         Integrity Section
                                                         U.S. Department of Justice
                                                         1400 New York Avenue, NW
                                                         Washington, DC 20530
                                                         (202) 514-1412